# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| In the Matter of the Complaint of ) | |
| Wepfer Marine, Inc., as Owner *Pro Hac Vice* ) | |
| Of the M/V RICKY ROBINSON, ) | Case No.: 2:18-mc-00001 |
| Official No. 572484, for Exoneration from ) | |
| or Limitation of Liability ) | |
| ) | |
| ) | |

## RESPONDENT'S MOTION TO DISMISS WITH PREJUDICE

Comes now, Your Respondent, Kimberly Newsome on behalf of the Estate of Anqavius Jamison ("Respondent"), by and through counsel of record, **HORNE & WELLS, PLLC**, and respectfully moves this Honorable Court for dismissal with prejudice in response to the Verified Complaint filed by putative Plaintiff, Wepfer Marine, Inc. ("Wepfer"). In support thereof, Respondent would show as follows:

1. That Respondent represents the interest of a young man who was a hard working nineteen (19) year old Memphian who lost his life working on a tugboat owned by Plaintiff in the Mississippi River near downtown Memphis on the Memphis, Shelby County side, thru no apparent fault of his own. Anqavius Jamison is identified by Wepfer in its Verified Complaint as a deckhand/employee of Wepfer who lost his life on the M/V Ricky Robinson on or about December 8, 2017 (Verified Complaint,¶ 7) and further identified throughout the Verified Complaint.

2. That Plaintiff has filed this instant action seeking to exonerate and/or limit the recovery for this loss of human life to the value of the salvaged vessel lost on the Mississippi River.

3. That Plaintiff filed these allegations thru counsel, under a Tennessee Bar Number of 28920.

4. Upon information and belief, this attorney was under suspension from practicing law in the State of Tennessee at the time of filing and is still currently suspended by the State of Tennessee from practicing law in this state.[1]

5. That the mother of this Respondent has suffered harm from this filing by incurring attorney's expenses related thereto, severe shock and dismay upon learning that the Plaintiff company, who assured her that they would take care of her for the loss of her son, now seeks to value the Respondent's life at an amount less than $10,000.00, thru suspended counsel.

6. Local Rule 83.4(f) prohibits the filing of such (or any) pleading by suspended counsel and the same amounts to the unauthorized practice of law. In relevant part, the Rule requires that:

> By appearing in this Court or before a Magistrate Judge in a proceeding representing a client, an attorney represents to this Court, unless he or she affirmatively advises the Court to the contrary, that the attorney has complied with (c) or (e) above and is not currently under a disbarment or suspension from any other court.

7. While your Respondent has been unable to find any authority arising from the Sixth Circuit, other jurisdictions have declared a filing by a suspended attorney results in a nullity. In *Preston v. University of Arkansas*, 128 S.W.3d 430, 437-38 (Ark. 2003), the Arkansas Supreme Court held that a complaint filed by Oklahoma attorneys in Arkansas constituted unauthorized practice of law, and the complaint was "a nullity." See also *Shipe v. Hunter*, 699 S.E.2d 519, 520 (Va. 2010)("[A] pleading, signed only by a person acting in a representative capacity who is not licensed to practice law in Virginia, is a nullity."); *Carlson v. Workforce Safety & Ins.*,765 N.W.2d 691, 704 (N.D. 2009) (concluding the

---

[1] Upon information and belief, Counsel for Wepfer is actively licensed in the State of Mississippi and has been previously admitted to practice in the Western District of Tennessee.

filing of a request for reconsideration by nonresident attorneys from Ohio, not admitted to practice in North Dakota, was void). Accordingly, your Respondent respectfully submits the instant Complaint should be declared a legal nullity and dismissed with prejudice.

*WHEREFORE, PREMISES CONSIDERED*, The Estate of Anqavius Jamison prays as follows:

1. That this Honorable Court enter an Order Dismissing with Prejudice the Complaint Seeking Exoneration From or Limitation of Liability by Wepfer Marine, Inc.;

2. That this Honorable Court award attorney's fee incurred in the instant Motion to the Estate of Anqavius Jamison;

3. That the Estate of Anqavius Jamison be granted such other relief, general or specific, that this Honorable Court deems equitable and just;

4. That the costs of this action be awarded to the Estate of Anqavius Jamison.

5. That the Estate of Anqavius Jamison reserves the right to amend this motion to conform the facts of this matter.

Respectfully Submitted,

**HORNE & WELLS, PLLC**

/s/ Murray B. Wells
Murray B. Wells (BPR# 21749)
Aaron A. Neglia (BPR# 33816)
81 Monroe Avenue – Suite 400
Memphis, TN 38103
PHONE: (901) 507-2521
FACSIMILE: (901) 507-1791
EMAIL: wells@hornewells.com
EMAIL: neglia@hornewells.com
***Attorneys for Defendant***

CERTIFICATE OF SERVICE

I hereby certify that on the 24rd day of January, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system and has been served upon the following via email:

For Wepfer Marine, Inc:

Frank J. Dantone, Jr.
Henderson Dantone PA
241 Main Street
Greenville, MS 38701-4062
Office:      662.378.3400
Facsimile:   662.378.3413
Email:       fjd@hdpa.com

For Ronnita Harris (estate of Keith Pigram):

Ruby Wharton
Andre Wharton
1575 Madison Ave
Memphis, TN 38104

Lee J. Bloomfield
50 North Front St.
Memphis, TN 38103

/s/ Murray B.Wells