IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In the Matter of the Complaint of * | |
| Wepfer Marine Inc., as Owner *Pro Hac Vice* * | |
| of the M/V RICKY ROBINSON, * | Case No. 2:18-mc-0001-JPM-tmp |
| Official No. 572484, for Exoneration from * | |
| or Limitation of Liability. * | |

### CLAIM AND ANSWER OF LAKEESHA AGNEW
### A/N/F OF K.H. AND L.H. (MINOR CHILDREN)

NOW COMES LAKEESHA AGNEW as next friend of K.H. and L.H., minor children, of KEITH PIGRIM, the captain of the M/V RICKY ROBINSON who perished when that vessel foundered on December 8, 2017, who as a putative defendant and claimant herein (hereinafter "Defendant/Claimant" or "Claimant/Defendant") ANSWERS the allegations of the complaint for exoneration and limitation and makes the claim that follows her answer:

1. The allegations of Paragraph 1 are admitted.

2. The allegations of Paragraph 2 are admitted.

3. The allegations of Paragraph 3 are admitted.

4. The allegations of Paragraph 4 are admitted.

5. Defendant/Claimant denies the status as owner *pro hac vice* of the petitioner Wepfer Marine Inc. ("Wepfer") as it has admitted that it is not the registered owner and not the demise charterer of the M/V RICKY ROBINON. Defendant/Claimant admits that at all times relevant herein the Wepfer was the operator of the M/V RICKY ROBINSON. Defendant/Claimant at this time is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 and therefore denies the allegations of Paragraph 5 and demands strict proof thereof if her rights are to be affected thereby.

6. Defendanthat/Claimant admits that on or about December 8, 2017, Wepfer was the operator of the M/V RICKY ROBINSON, which was manned by a pilot and a deckhand, and denies the remaining allegations of Paragraph 6, particularly but without limitation that Wepfer was the owner *pro hac vice* or that Wepfer used due diligence to maintain the M/V RICKY ROBINSON seaworthy, tight, staunch, or strong.

7. It is admitted that on or about December 8, 2017, Wepfer employee Keith Pigrim was piloting the M/V RICKY ROBINSON and Wepfer employee Anqavius Johnson was serving as a deckhand. It is admitted that said vessel on or about said date sank in the Mississippi River and that Anqavius Johnson's body was recovered and Keith Pigrim's body has not yet been found. Defendant/Claimant at this time is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and therefore denies the remaining allegations of Paragraph 7 and demands strict proof thereof if her rights are to be affected thereby.

8. The allegations of Paragraph 8 are admitted.

9. The allegations of Paragraph 9 are admitted.

10. Defendant/Claimant at this time is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies the allegations of Paragraph 10 and demands strict proof thereof if her rights are to be affected thereby.

11. Defendant/Claimant at this time is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies the allegations of Paragraph 11 and demands strict proof thereof if her rights are to be affected thereby.

12. Defendant/Claimant admits that the vessel has been raised and is currently docked at Wepfer's facility located on McKellar Lake, Memphis, Tennessee. Defendant/Claimant at this time is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and therefore denies the allegations of Paragraph 12 and demands strict proof thereof if her rights are to be affected thereby.

13. Defendant/Claimant at this time is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies the allegations of Paragraph 13 and demands strict proof thereof if her rights are to be affected thereby.

14. The allegations of Paragraph 14 are denied, and the Defendant/Claimant demands strict proof thereof if her rights are to be affected thereby.

15. The allegations of Paragraph 15 are denied, and the Defendant/Claimant demands strict proof thereof if her rights are to be affected thereby.

16. The allegations of Paragraph 16 are denied, and the Defendant/Claimant demands strict proof thereof if her rights are to be affected thereby.

17. The allegations of Paragraph 17 are denied, and the Defendant/Claimant demands strict proof thereof if her rights are to be affected thereby.

18. The allegations of Paragraph 18 are denied, and the Defendant/Claimant demands strict proof thereof if her rights are to be affected thereby.

19. The allegations of Paragraph 19 are admitted.

///

**DEFENSES**

20. Defendant/Claimant alleges and avers that the death of the deceased, Keith Pigrim, was caused by the fault and negligence of Wepfer and the unseaworthiness of the M/V RICKY ROBINSON. All acts of negligence and unseaworthiness were within the privity and knowledge of Wepfer, and therefore Wepfer is not entitled to claim exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, et seq.

21. Wepfer has judicially admitted that it is neither the registered owner nor the owner *pro hac vice*, and, consequently, it is not entitled to claim exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, et seq.

21. All allegations of said Verified Complaint for Exoneration from Or Limitation of Liability not heretofore specifically admitted are hereby denied.

**CLAIM**

LAKEESHA AGNEW as next friend of K.H. and L.H., minor children, of KEITH PIGRIM, the captain of the M/V RICKY ROBINSON, deceased, makes this CLAIM against WEPFER MARINE INC. ("Wepfer") and the M/V RICKY ROBINSON, Official No. 572484 pursuant to Federal Rules of Civil Procedure, Rule 5(f) of the Supplemental Rules for Certain Admiraly and Maritime Claims, as follows:

1. Claimant/Defendant, at all times hereto, is the natural mother of K.H. and L.H., minor children of KEITH PIGRIM, deceased, and is entitled to proceed as their next friend against Weber and the vessel.

2. Claimant/Defendant joins with the personal representative of KEITH PIGRIM, Ronnita Harris, a claimant herein, to the extent that her claims arise under the Jones Act, 46 U.S.C. § 30104, and asserts her several claims pursuant the General Maritime Laws of the United States of America.

3. On information and belief, Wepfer is a Tennessee corporation with its principal offices in Memphis, Tennessee, and was at all times material the operator of the M/V RICKY ROBINSON.

4. Claimant/Defendant alleges that on or about December 8, 2017, Keith Pigrim, deceased, was employed by Wepfer to pilot the M/V RICKY ROBINSON, and while so doing on the Mississippi River, a navigable water of the United States, on said date, the vessel sank in said river and Keith Pigrim was lost, presumed drowned, in said waters.

5. Claimant/Defendant alleges that Wepfer was negligent in improperly maintaining the M/V RICKY ROBINSON, and that the vessel was unseaworthy, said negligence and unseaworthiness being the cause of the sinking of the vessel and the loss of Keith Pigrim.

6. Claimant/Defendant alleges that the aforementioned negligence and unseaworthiness on the part of Wepfer resulted in the wrongful death of Keith Pigrim, and the following damages, to-wit:

    a) pain and suffering of Keith Pigrim prior to his death;

    b) loss of services, support, nurture, and society of Keith Pigrim to his children, and

    c) funeral and burial expenses.

7. The negligence of Wepfer was within the privity and knowledge of Wepfer.

8. Claimant/Defendant alleges that the filing of this Claim is not a waiver of any defenses to the complaint herein, which are set forth in her answer herein above.

9. Claimant/Defendant reserves its right to move to modify any stay orders entered herein in order to proceed against Wepfer under the Jones Act and the General Maritime Law in

those fora saved to it by the United States Constitution and the Judiciary Act of 1789 to establish by trial by jury of those issues so triable the negligence of Wepfer and its privity therein.

WHEREFORE, having fully answered, Defendant/Claimant LAKEESHA AGNEW as next friend of K.H. and L.H., minor children, of KEITH PIGRIM, the captain of the M/V RICKY ROBINSON, DECEASED, prays that the Complaint of Wepfer Marine, Inc. be dismissed and that she be allowed to go hence with her costs.

WHEREFORE, LAKEESHA AGNEW as next friend of K.H. and L.H., minor children, of KEITH PIGRIM, the captain of the M/V RICKY ROBINSON, DECEASED, presents her claim against Wepfer Marine Inc. in the amount of One Million Dollars ($1,000,000), plus interests and costs, and

For all general and equitable relief.

Respectfully submitted this ___ day of March, 2018.

Respectfully submitted,

**MORGAN & MORGAN–MEMPHIS, LLC**

*/s/ Russell B. Jordan*
Russell B. Jordan (BPR# 025493)
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
Phone: (901) 333-1843
Fax: (901) 333-1864
rjordan@forthepeople.com

*/s/ S. Reed Morgan*
THE CARLSON LAW FIRM
Texas State Bar No: 14452300
*Pro Hac Vice*
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
rmorgan@carlsonattorneys.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 2nd, 2018, I electronically filed the foregoing document with the United States District Court for the Western District of Tennessee by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system: Frank J. Dantone, Attorney for Petitioner, Lee J. Bloomfield, Attorney for Ronnita Harris, and R. Todd Elias, R. Todd Elias, Attorney for Natasha Gibson.

                                                  */s/ Russell B. Jordan*