**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**In the Matter of the Complaint of**
**Wepfer Marine, Inc., as Owner *Pro Hac Vice***
**of the M/V RICKY ROBINSON,**
**Official No. 572484, for Exoneration from or**
**Limitation of Liability.**

No. 18-cv-2596

## RULE 16(b) SCHEDULING ORDER

This admiralty action arises out of the sinking of the M/V *Ricky Robinson* on December 8, 2017. (ECF No. 1, ¶ 7.). Two crewmen Keith Pigram and Anqavius Jamison died as a result of the sinking. (Id.) In case 18-2596 the vessel's owner, Wepfer Marine, Inc. ("Wepfer") seeks to limit its liability for claims arising out of the sinking, pursuant to 46 U.S.C. § 30501 *et seq.* (Id., ¶ 1.) In case 18-2004 Plaintiff Gibson alleges Wepfer Marine, Inc.'s negligent maintenance, inspection, and training of the crew resulted in her husband, Kieth Pigram's death. (18-2004 Complaint, ECF No. 1 at ¶¶ 11-13.) The related 18-2004 personal injury case is stayed pending resolution of issues of limited liability in the 18-2596 case. The dates listed in this scheduling order are specific to 18-2596. A separate scheduling conference will be held for the related 18-2004 case when the stay is lifted.

    **I.**    Pursuant to Rule 16(b) a scheduling conference was held in this case on March 14, 2019. Present for the conference were:

    Frank J. Dantone
    Attorney for Wepfer Marine, Inc.

    Lee J. Bloomfield
    Attorneys for Ronnita Harris,
    Administratrix of the Estate of Keith Pigram

Russell B. Jordan
Attorneys for Lakeesha Agnew

Ronald W. Kim
Michael A. Katzman
Attorneys for Natasha Gibson

Murray B. Wells
Aaron A. Neglia
Attorneys for Hannah Bleavins,
Representative for Estate of Anqavius Jamison

**II.**     Pursuant to Rule 26(f), the parties reported that supplemental disclosures, as required by Rule 26(a)(1) will be made by the plaintiff(s) by **April 1, 2019**, and by the claimants by **April 15, 2019**.

**III.**     Pursuant to the scheduling conference, and in accordance with Rule 26(f) proposed discovery plan submitted by the parties, as amended, the following dates were established as the final dates for:

JOINING PARTIES:                    N/A

INITIAL MOTIONS TO DISMISS:         N/A

AMENDING PLEADINGS:                 N/A

COMPLETING ALL DISCOVERY:           2/17/2020

    **(a)**   DOCUMENT PRODUCTION:        12/18/2019

    **(b)**   DEPOSITIONS:                2/17/2020

    **(c)**   INTERROGATORIES AND
          REQUESTS FOR ADMISSIONS:    12/18/2019

    **(d)**   EXPERT DISCLOSURE (Rule 26):

        (1)   DISCLOSURE OF PLAINTIFF'S RULE 26
            EXPERT INFORMATION:    **12/18/2019**

    (2)    DISCLOSURE OF DEFENDANT'S RULE 26 EXPERT INFORMATION:    **1/13/2020**

**(e)**    RULE 26(e) SUPPLEMENTATION DUE:    **12/18/2019**

**(f)**    WITNESSES AND EXHIBITS UNDER RULE 26(a)(3):

    (1)    PLAINTIFF'S FINAL LISTS OF WITNESSES AND EXHIBITS UNDER   RULE 26(a)(3) DUE: **Based upon trial date**

    (2)    DEFENDANT'S FINAL LISTS OF WITNESSES AND EXHIBITS UNDER RULE 26(a)(3) DUE:  **Based upon trial date**

**(g)**    PARTIES HAVE **15** DAYS AFTER SERVICE OF FINAL LISTS OF WITNESSES AND EXHIBITS TO LIST OBJECTIONS UNDER RULE 26(a)(3).

**The parties agree that after preliminary depositions are taken by key fact witnesses that private mediation would be warranted.**  Mediation may take place by **7/19/19.**

**TRIAL**:

1. The **jury trial** in this matter, which is anticipated to last 7 days, is set to begin on June 22, 2020 at 9:30 a.m. in a courtroom to be designated by the District Court courtroom sharing plan.

2. A **pretrial conference** is set for June 12, 2020 at 9:30 a.m.

3. The **joint proposed pretrial order, proposed verdict form, proposed jury instructions, proposed voir dire questions, and motions in limine** are due by no later than 4:30 p.m. on June 5, 2020.

    **IV.**    The parties **do not consent** to all matters being conducted by the Magistrate Judge, including the conducting of a jury trial, if properly demanded, with any appeal of the verdict to be directly to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 636(c).

    **V.**    The parties **do not consent** to the supervision by the assigned magistrate judge of attorney conducted voir dire and jury selection, subject to *de novo* review by the presiding

district judge.

Absent good cause shown, the scheduling dates set by this order will not be modified or extended.

The opposing party may file a response to any motion filed in this matter. Neither party may file an additional reply, however, without leave of the Court.

Under Rule 30 and Rule 31 of the Federal Rules of Civil Procedure, no deposition shall exceed one (1) day of seven (7) hours in length, unless authorized by the Court.  Each side is limited to fifteen (15) depositions unless additional depositions are authorized by the Court after a showing of good cause.

Under Rule 33 of the Federal Rules of Civil Procedure, no more than twenty-five (25) written interrogatories shall be served on a party unless authorized by the Court.

**SO ORDERED**, this 29th day of March, 2019.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE